Davis, P. J.,
Upon the theory of the plaintiffs we are of opinion that this action was well brought on behalf of themselves and all others alike situated and that it was not necessary that the action should be brought by the corporation itself, nor that it should have first refused an application to bring the same. The corporation is completely controlled by the defendants who are its trustees, and to have requested them to bring the action would have been a needless ceremony.
Where the state of things is already apparent in such a case as the plaintiffs claim this to be it is enough that the *618 corporation and the trustees sought to be charged are made parties defendant. Robinson v. Smith, 3 Paige, 222; Heath v. Erie, 8 Blatch., 347, and see opinion of Van Vorst, J., in this case on demurrer, 10 Abb. N. C., 406.
If the plaintiff’s theory of this case had been sustained in the finding of facts by the court below, the judgment would have been erroneous under a long series of cases cited by the learned counsel for the appellant, for it would then have been established that the promoters of a mining corporation about to be organized, had induced the plaintiffs to join in its creation, and become subscribers to the original stock thereof, by withholding from them material facts not within their knowledge, of the costs of the mining properties which were about to be made the capital or property of the corporation, and to be represented by its stock to be created and issued. A failure to disclose under such circumstances the facts in respect to the purchase and cost of the property, would be in a court of equity such a fraudulent neglect of duty as would subject the defendants to an action of this character, for the purpose of placing the promotors and original corporators upon an equal footing. But the court below has found upon the evidence in the case, that the plaintiffs occupied no such relations to the promoters, and were not induced to unite in the creation of the corporation, or be original subscribers to its stock by any misrepresentations of facts, or by the withholding of any facts which they were entitled to know; but on the contrary, that they were simply contractors for the purchase of the stock of a corporation after it should have become completely organized, and the whole of its stock issued for the purpose of purchasing the mining property by sale, or other disposition of such stock, and that their relation to the defendant Brown, was that of vendee of stock owned by him in an existing corporation, at a price and on terms mentioned in their respective subscriptions. The evidence in the case justified that finding. The learned judge before whom the case was tried, pronounced an elaborate opinion, illustrating and sustaining his views of the case and the principles of law upon which his conclusions rested. Adopting that opinion as our own, we reach the conclusion upon this appeal, that the judgment should be affirmed.
Daniels and Brady, JJ., concur.